UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> REAGAN ROSS RICHARDS, <br><br> *Defendant.* | CASE NO. 3:11-cr-31 <br><br> MEMORANDUM OPINION & ORDER <br><br> JUDGE NORMAN K. MOON |

  This matter is before the Court on Defendant Reagan Ross Richards's Motions for Compassionate Release under the First Step Act. Dkts. 281, 283, and 286. Richards seeks compassionate release based on several factors, including (1) the dangers presented by the COVID-19 pandemic and (2) that he was sentenced to the statutory minimum pursuant to a sentencing enhancement that would be significantly lower today. The Government opposes Richards's motions.

  For the following reasons, the Court will grant in part Richards's motion and reduce his sentence by five years, but it will deny his motion with respect to his immediate release from custody.

## BACKGROUND

  On January 24, 2012, Richards pleaded guilty to conspiracy to manufacture and possess with the intent to distribute 280 grams or more of a mixture or substance containing a detectable amount of cocaine base, Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. The plea agreement, pursuant to Rule 11(c)(1)(C), stipulated a sentence of 240 months, corresponding to the then-applicable mandatory minimum sentence following a sentencing enhancement under 21 U.S.C. § 851 for Richards's 2006 Virginia state felony

conviction for distribution of controlled substances. *See* 21 U.S.C. 841(b)(1)(A) (2010); Dkt. 65; Dkt. 113 at 3; Dkt. 130 ¶ 65.

Prior to sentencing, a probation officer prepared a presentence investigation report ("PSR"). Dkt. 130. An investigation by the Jefferson Area Drug Enforcement Task Force revealed that in June of 2010, Richards and his nephew stole between 20 and 25 ounces of cocaine from a source he had utilized and distributed some of the stolen cocaine to himself and others for redistribution. Dkt. 130 ¶¶ 14–15. The investigation further revealed that Richards and his nephew were the leaders of a conspiracy to distribute cocaine base and that Richards employed an "enforcer" to protect the drug operation. *Id.* The investigation found Richards responsible for distributing 3,696 grams of cocaine base between June 2010 and October 2011, producing a base offense level of 36. *Id.* ¶ 16.

Richards also received (1) a two-point enhancement for knowingly involving in the offense an individual under the age of 18, (2) a four-point enhancement for being the organizer of a criminal activity involving five or more participants, and (3) a three-point downward adjustment for accepting responsibility for his actions, giving Richards a total adjusted offense level of 39. *Id.* ¶¶ 39, 41, 45–47. When combined with a criminal history category of VI, *id.* ¶ 71, Richards faced an advisory guideline range of 360 months to life. *Id.* ¶ 106.

On April 12, 2012, the court imposed a sentence of 240 months' imprisonment, the then-applicable mandatory minimum with the sentencing enhancement for his prior conviction. Dkt. 143. The court also imposed a 10-year term of supervised release and ordered Richards to pay both a special assessment of $100 and a $2,000 fine. *Id.*

On October 15, 2020, Richards filed a *pro se* motion for compassionate release pursuant to the First Step Act. Dkt. 281. Pursuant to Standing Order 2019-1, the court appointed the Federal

Public Defender to investigate Richards's case. Dkt. 282. Richards filed another *pro se* motion for compassionate release on December 1, 2020, and on December 23, 2020, the Federal Public Defender filed a supplemental motion for compassionate release on Richards's behalf. Dkts. 283, 286. Richards is currently serving his sentence at Bennettsville FCI in South Carolina, and his projected release date, with credit for good conduct, is November 9, 2028.

## ANALYSIS

### 1. Exhaustion of Administrative Remedies

Before Congress passed the First Step Act, only the Bureau of Prisons ("BOP") could move the Court for compassionate release of an incarcerated defendant for "extraordinary and compelling reasons" under 18 U.S.C. § 3582(c)(1)(A)(i). Because § 603(b) of the First Step Act amended that provision, "defendants now may file motions for sentence modifications on their own behalf, so long as they first apply to the BOP." *United States v. McCoy*, 981 F.3d 271, 276 (4th Cir. 2020) (citing Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018)).

In his motion for compassionate release, Richards points to both the COVID-19 pandemic and a change in sentencing law as extraordinary and compelling justifications for his release. The Government contends that Richards has not exhausted his administrative remedies with respect to his citation to the COVID-19 pandemic as an extraordinary and compelling justification for compassionate release. However, Richards also argues in his motion that because Section 401 of the First Step Act amended the sentence enhancement provisions of 21 U.S.C. § 841(b)(1), he would have received either a 10-year or 15-year term of imprisonment if he were sentenced today for the same offense.

The record shows that FCI Bennettsville Warden Nanette Barnes received from a request for reduction in sentence pursuant to § 3582(c)(1)(A) and rejected the request on October 16, 2020.

Dkt. 283-1 at 1. Warden Barnes understood Richards's request as one "to be considered for a Reduction in Sentence (RIS) due changes [sic] to the law which would have resulted in a lesser sentence for you, had you been sentenced today." *Id.* Accordingly, the court finds that Richards has exhausted his administrative with respect to his argument concerning the changes in sentencing law, but not with respect to his argument regarding the risks posed to him by the COVID-19 pandemic.[1]

### 2. Extraordinary and Compelling Reasons

Generally, "[t]he court may not modify a term of imprisonment once it has been imposed." § 3582(c). But under § 3582(c)(1)(A), the court

> may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

The Fourth Circuit has held that there "is as of now no 'applicable' policy statement governing compassionate-release motions filed by defendants under the recently amended § 3852(c)(1)(A), and as a result, district courts are 'empowered to consider any extraordinary and

---

[1] Even if Richards had exhausted administrative remedies with respect to his argument about the risks posed by COVID-19, Richards has not met his burden to demonstrate that those risks constitute extraordinary and compelling reasons warranting release. "Evidence that a defendant has been offered the vaccine, whether he accepts it or not, demonstrates that he had the ability and opportunity to take measures to markedly reduce his risk of severe illness or death from COVID-19 while incarcerated." *United States v. Poupart*, No. 3:11-cr-116, 2021 WL 917067, at *1 (D. Conn. Mar. 10, 2021). In March 2021, Richards refused to receive Pfizer's COVID-19 vaccine. Dkts. 308, 308-1. The Court finds that Richards "cannot establish that his conditions are exceptional and demand immediate release when he intentionally prevents the BOP from mitigating dangers to his health and safety." *See United States v. Austin*, No. 15-20609, 2021 WL 1137987, at *2 (E.D. Mich. Mar. 25, 2021).

compelling reason for release that a defendant might raise.'" *McCoy*, 981 F.3d at 284 (internal quotation marks and citation omitted) (emphasis in original).

When he was sentenced, Richards was subject to a mandatory minimum 20-year term of imprisonment because of his 2006 felony drug conviction, rather than the 10-year mandatory minimum applicable without the sentencing enhancement. Pursuant to Section 401 of the First Step Act, the mandatory minimum now applies only if the defendant has a previous conviction for a "serious drug felony" rather than just a "felony drug offense," and the mandatory minimum term of imprisonment is now 15 years, not 20. *See* 21 U.S.C. § 841(b)(1). The statute defines a "serious drug felony" as an offense described in 18 U.S.C. § 924(e)(2), for which "(A) the offender served a term of imprisonment of more than 12 months; and (B) the offender's release from any term of imprisonment was within 15 years of the commencement of the instant offense." 18 U.S.C. § 802(57). The First Step Act did not make these changes retroactive.

Richards argues that if he were sentenced for the first time today, he would not receive a sentencing enhancement pursuant to 21 U.S.C. § 851 because his 2006 Virginia state felony drug conviction would not qualify as a "serious drug felony."[2] Even if Richards still were to receive a § 851 enhancement if sentenced today, Richards argues that he would face only a 15-year minimum term of incarceration.

The Court finds that Richards would face a 15-year mandatory minimum sentence pursuant to 21 U.S.C. § 851 if sentenced today because his 2006 Virginia state felony drug convicted qualifies as a "serious drug felony." Richards received a sentence of twelve years' imprisonment with nine years suspended, along with three years of probation and fifteen years of good behavior

---

[2] Counsel for Richards contends that he was never imprisoned for this conviction but rather only served a three-year term of probation. Dkt. 286 at 6. As discussed in the next paragraph, however, counsel is mistaken.

for his 2006 conviction. Dkt. 130 ¶ 65. In determining his criminal history score, the PSR assigned Richards 3 points for this prior sentence under Sentencing Guidelines § 4A1.1(a), which instructs courts to "[a]dd 3 points for each prior sentence of imprisonment exceeding one year and one month." *Id.* Moreover, the PSR states that Richards was incarcerated from December 2006 to June 2009, roughly 30 months, ostensibly on this offense. *Id.* ¶ 103. The record shows that Richards "served a term of imprisonment of more than 12 months" on the 2006 state conviction, and his "release from . . . imprisonment was within 15 years of the commencement of the instant offense." 18 U.S.C. § 802(57). Accordingly, the Court rejects Richards's contention that his previous conviction would not support a sentencing enhancement today. The Court finds that Richards had a previous conviction for a "serious drug felony" that would support a 15-year mandatory minimum sentence today.

  The Fourth Circuit has held that a district court may consider "the severity of the defendant['s] . . . sentence[] and the extent of the disparity between the defendant['s] sentence[] and [that] provided for under [current law]" when deciding a motion for compassionate release. *McCoy*, 981 F.3d at 286. In *McCoy*, the Fourth Circuit considered a non-retroactive change in the law with an "exceptionally dramatic" impact on sentencing—"[t]he First Step Act's clarification of § 924(c)."—and determined that "stacked" § 924(c) sentences can constitute an "extraordinary and compelling" reason for relief under § 3582(c)(1)(A). *Id.* at 285. The court pointed to "two distinct features" of § 924(c) sentences relevant to applying the "extraordinary and compelling" reason standard: (1) "the sheer and unusual length of the sentences," particularly in comparison to the "national average for a federal murder sentence in fiscal year 2018[, which] was 291 months," or just over 24 years,[3] and (2) the "gross disparity between those sentences and the sentences

---

[3] The national average for a federal murder sentence has since gone down. In fiscal year

Congress now believes to be an appropriate penalty for [a defendant's] conduct." *Id.* (internal quotation marks and citations omitted).

Following *McCoy*, other district courts in this Circuit have found that they "may consider changes in sentencing law—even nonretroactive ones—in assessing whether a defendant has shown extraordinary and compelling reasons warrant a reduction in his sentence." *United States v. Stuart*, No. 5:92-CR-114-BR-3, 2020 WL 7232074, at *3 (E.D.N.C. Dec. 8, 2020) (finding that post-sentencing changes in statutory penalties for § 924(c), case law regarding career offender enhancement under the guidelines, and the potential impact of COVID-19 on defendant's health, taken together, constitute extraordinary and compelling reason justifying release); *United States v. Trice*, No. 7:13-CR-34-1, 2021 WL 402462, at *3 (W.D. Va. Feb. 3, 2021) (Conrad, J.) (finding extraordinary and compelling reason for compassionate release where defendant sentenced to 151 months, a downward departure from his career offender guideline range of 262 to 327 months, would face a guideline range of 100 to 125 months after the Fourth Circuit's holding in *United States v. Norman*, 935 F.3d 232 (4th Cir. 2019), that a drug conspiracy under 21 U.S.C. § 846 is not a controlled substances offense under Sentencing Guidelines § 4B1.2(b)).

Here, Richards's sentence of 240 months is not as shockingly long as those considered in *McCoy*, but it is lengthy, and comparable to the national average federal murder sentence in fiscal year 2020 of just over 21 years.[4] And the difference between Richards's sentence of 240 months and the sentence he would receive today is still substantial. Instead of 240 months, Richards would

---

2020, "[o]ffenders convicted of murder received the longest terms of confinement at 255 months on average," or just over 21 years. U.S. SENTENCING COMM'N, *Fiscal Year 2020: Overview of Federal Criminal Cases* 9 (Apr. 2021), https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2021/FY20_Overview_Federal_Criminal_Cases.pdf (last visited Apr. 19, 2021).

[4] See *supra* n.3.

face a mandatory minimum sentence of 180 months today. While not as dramatic as the decades-long differences the Fourth Circuit considered in *McCoy*, the Court finds a substantial disparity in the mandatory minimum sentences here. 981 F.3d at 285.

Accordingly, the Court finds that the change in sentencing law constitutes an extraordinary and compelling reason for a sentence reduction. *See McCoy*, 981 F.3d at 284.

### 3. Section 3553(a) Factors

Even if the Court finds that extraordinary and compelling reasons support a sentence reduction, it must still "consider[] the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Kibble*, 992 F.3d 326, 334 (4th Cir. 2021) (Gregory, C.J.., concurring) (noting that a district court's task is "to determine whether the § 3553(a) factors counsel[] against a sentence reduction in light of the new, extraordinary circumstances identified," not to "assess the correctness of the original sentence it imposed").

The Government argues that the § 3553(a) factors weigh against Defendant's release. Dkt. 296 at 14–15. However, the Court has considered the § 3553(a) factors and finds that they support a sentence reduction.

To begin, the Court recalculates Richards's advisory guideline range. Richards was held responsible for 3.696 kg of cocaine base. Dkt. 130 ¶ 38. Based on intervening changes to the Sentencing Guidelines, this would correspond to a base offense level of 34. *See* U.S.S.G. § 2D1.1(c)(3). With the same enhancements and adjustments applied at his initial sentencing, *see* Dkt. 130 ¶¶ 39–47, Richards would have a total offense level of 37 today instead of 39. His criminal history category of VI would remain the same. As a result, his advisory guideline range of 360 to life would not change.

As his unchanged guideline range reflects, Richards's leadership of a conspiracy to distribute cocaine base was a serious offense, as was his use of an "enforcer" to protect his drug operation and his recruitment of his nephew, who was a minor at the time, into the conspiracy. *See id.* ¶¶ 15–16. Richard had an extremely lengthy criminal history at the time of his sentencing, including a felony conviction for distributing controlled substances, as discussed above. *Id.* ¶¶ 48–68.

However, Richards has shown good behavior and rehabilitation while incarcerated. Richards has no recorded disciplinary infractions,[5] has taken several educational courses throughout his incarceration, and has participated in a program in which he mentors other inmates. *See* Dkt. 283-4. Richards was ranked among the top five participants in the "BRAVE Treatment Program" and received several accolades for his participation in the program. *Id.* Richards also submitted a letter of recommendation from a Facilities Assistant at FCI Bennettsville. Dkt. 283-3. The letter commends Richards for being an "excellent role model for his peers within [t]he FCI Bennettsville population," for "welcom[ing] leadership opportunities and overcome[ing] all his adversaries in a positive manner, refusing to accept failure," and for "enroll[ing] in college classes which help[] him to maintain a positive balance of life while incarcerated." *Id.*

After considering the § 3553(a) factors, the Court concludes that a reduction in sentence to a total of 180 months is appropriate and will reduce Richards's sentence as such. The Court finds that a sentence of 180 months' incarceration is sufficient but not greater than necessary to reflect the seriousness of Richards's offenses, to promote respect for the law, to provide just punishment for Richards' offenses, to deter criminal conduct, and to protect the public.

---

[5] Counsel for Richards maintains that he "requested any disciplinary records from the BOP and was informed that no disciplinary record exists for Mr. Richards." Dkt. 286 at 6 n.1.

## CONCLUSION

Pursuant to 18 U.S.C. § 3582(c)(1)(A), the Court finds that extraordinary and compelling circumstances warrant a reduction in Richards's sentence and that the § 3553(a) factors support a reduction in sentence.

The Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motions for compassionate release, Dkts. 281, 283, and 286. Specifically, the Court **MODIFIES** Richards's sentence to 180 months' incarceration. All other terms of Richards's sentence remain the same. The Court **DENIES** Richards's request for immediate release.

The Clerk of Court is directed to send this Memorandum Opinion & Order to Richards and all counsel of record.

Entered this 30th day of August, 2021.

*/s/ Norman K. Moon*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE